## BESISIE v DUCEY

Ohio Appeals, 6th Dist, Lucas Co

No 2731. Decided Feb 6, 1933

**4**

Esther Antin, Toledo, for plaintiff in error.

Clarence P. Ducey, Toledo, for defendant in error.

WILLIAMS, J.

There is no dispute about these facts but there is a conflict in the evidence offered by the plaintiff and that offered by the defendant in the court below. The evidence of the plaintiff tends to prove that at the time of the execution of the second bond it was agreed between Besisie and Ducey that Besisie should not give a new note but that Ducey should hold the old note to secure him against loss by reason of the second bond. The evidence of the defendant tended to show that no such agreement was ever entered into. Of course, if there was no such agreement the judgment below should have been for the defendant, but the court found for the plaintiff and based his finding upon the fact that such an agreement was made as claimed by plaintiff below, and upon a careful examination of the record we can not say that the finding is manifestly against the weight of the evidence.

Plaintiff in error further contends that the agreement was within the statute of frauds and, not being in writing, judgment of the court below should have been for the defendant and that this court, rendering the judgment the court below should have rendered, should enter final judgment in favor of the plaintiff in error dismissing the petition.

We have found the inquiry as to the legal proposition involved a very interesting one and have examined the two Ohio cases cited, **Easter v White, 12 Oh St, 219** and **Kelsey v Hibbs, 13 Oh St, 340**, and various cases in which those decisions have been cited, both in this and foreign jurisdictions. We have not been content to examine American cases alone but have considered many English cases which it is claimed bear more or less upon the problem at hand. Helpful annotations may be found in 1 A. L.R., 383 and 68 A.L.R., 347.

In our judgment a lengthy discussion of the question in this opinion would be unavailing. We have reached the conclusion that the promise which Besisie made to Ducey, as claimed by the latter, was a primary promise as distinguished from a promise to answer for the debt, default or miscarriage of another. Therefore it was not within the statute of frauds so as to make it necessary for it to be in writing. In this connection we want to emphasize the fact that the action was based in its inception upon a promissory note which was signed by Besisie and was deposited by him with Ducey, according to plaintiff's testimony, and thereafter held by the former as security against loss of the fund or part of it still on deposit with the insurance company in case of the forfeiture of the second bond. We hold that the transaction, if it took place as plaintiff claimed and the evidence adduced in his behalf showed, created a primary liability to Ducey on the part of Besisie.

We find no error on the face of the record prejudicial to plaintiff in error and the judgment will therefore be affirmed.

LLOYD and RICHARDS, JJ, concur.